UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KEVIN L. SMITH JR.,                                                          Plaintiff,

v.                                                  Civil Action No. 3:20-cv-P196-DJH

BENJAMIN HARLAN *et al.*,                                              Defendants.

\* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Kevin L. Smith Jr., a convicted prisoner incarcerated in the Luther Luckett Correctional Complex (LLCC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Docket No. 1).  Thereafter, he filed two motions to "supplement" (DNs 5 and 7), in which he appeared to want to amend the complaint and add claims and Defendants.  By Order entered November 6, 2020 (DN 9), the Court denied the motions because Plaintiff did not attach a proposed amended pleading for the Court's consideration.  The Court, nevertheless, provided Plaintiff with 30 days within which to file an amended complaint naming all Defendants he seeks to sue and indicating the capacity or capacities (individual, official, or both) in which he sues them; asserting all claims he seeks to bring; and providing facts explaining how each Defendant allegedly violated his rights.  The Court advised Plaintiff that failure to file an amended complaint within the time allotted would result in the Court performing an initial review on the complaint only.  Plaintiff did not file an amended complaint.  Accordingly, this matter is before the Court on initial review of Plaintiff's complaint (DN 1) pursuant to 28 U.S.C. § 1915A.  For the reasons that follow, the action will be dismissed.

# I. <u>SUMMARY OF CLAIMS</u>

As Defendants, Plaintiff names LLCC "U-A" Benjamin Harlan/Harlen[1] and Helen R. Long and Warden Scott R. Jordan. He does not specify in which capacity(ies) he sues Defendants. Plaintiff asserts that Defendants violated his rights by denying him "proper sleep." He alleges,

> I had my matt tooken on behalfe of my behavior, and it was took for 15 days. I was sleeping on metal bunk beds. U-A - Harlen, U-A - Long took them. I was deprive of my rights an Scott R. Jordan denied me of getting my (Boxers) (Matt) and other sleeping property back until March 8 2020. 15 days of no sleep.

He also alleges that there was "a camra in my cell, witch every hour I was advised to get up and turn around (Fully exposed)." Plaintiff alleges cruel and unusual punishment and seeks monetary and punitive damages.

# II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. On this review, the trial court must dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

---

[1] Plaintiff spells this Defendant's name both ways in the complaint.

2

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

### III. <u>ANALYSIS</u>

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As indicated above, Plaintiff fails to indicate the capacity(ies) in which he sues Defendants. Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 166 (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.*

The Court finds that neither the complaint nor the previously denied motions to supplement/amend indicate that Plaintiff intends to impose individual liability on Defendants. Thus, the Court construes the complaint as being brought against Defendants Harlan, Long, and Jordan in their official capacities.

4

The claims brought against Defendants in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against the state Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims for damages against Defendants will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [(Prison Litigation Reform Act)]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Here, however, the Court already provided Plaintiff with an opportunity to file an amended complaint, specifically advising him to name all Defendants he seeks to sue and to indicate the capacity(ies) in which he seeks to sue them, but Plaintiff did not do so.

Consequently, the Court will dismiss this action by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4415.005

5